### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

PUBLIC.RESOURCE.ORG, INC.,
P.O. Box 800
Healdsburg, CA 95448,

*Plaintiff,*

v.

THE UNITED STATES CONSUMER
PRODUCT SAFETY COMMISSION,
4330 East West Highway
Bethesda, MD 20814,

*Defendant.*

### COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Public.Resource.org, Inc. ("Public Resource") brings this action against

defendant United States Consumer Product Safety Commission ("CPSC") to compel the

immediate production of documents requested under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552.

### Jurisdiction and Venue

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5

U.S.C. § 552(a)(4)(B).

2.      Venue in this action is proper in the District of Columbia pursuant to 28 U.S.C.

§1391(e) and 5 U.S.C. § 552(a)(4)(B).

1

**Parties**

3.      Plaintiff Public Resource is a nonprofit organization dedicated to improving access to the law, from judicial opinions to state and federal regulations, including standards that governments have incorporated by reference into law.

4.      Defendant CPSC is an independent federal agency. It is headquartered in Bethesda, Maryland. It is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Factual Background**

5.      On December 12, 2024, Public Resource, through counsel, filed a request ("the Request") under FOIA 5 U.S.C. § 552, with CPSC. The Request asked for information regarding standards developed by ASTM International ("ASTM") and incorporated into certain CPSC regulations.

6.      For each of the Regulations, the Request sought:

    a.      "copies of the relevant ASTM standard or standards," and

    b.      "the full text of any agreements between the CPSC and ASTM (including, but not limited to, agreements, contracts, memoranda of understanding, NDAs, etc.) pertaining to the development or incorporation of the relevant ASTM standard or standards."

7.      The Request also stated that it sought "copies of the records (i.e., not links): (1) in the native format provided by ASTM; and, where that is not possible, in (2) searchable PDF format."

8.      By email dated December 17, 2024, CPSC acknowledged the Request and assigned it the unique tracking number 25-F-00209. In the email, CPSC asked for "a search timeframe to narrow [the] request," and requested clarification by December 24, 2024.

9.     By email dated December 19, 2024, counsel for Public Resource responded to the clarification request by stating that Public Resource sought information regarding current regulations rather than historical information. Accordingly, it clarified that Public Resource was requesting copies of the relevant ASTM standards "as they exist at the time the Request is fulfilled."

10.    On February 18, 2025, counsel for Public Resource contacted CPSC stating that it had been 42 days since Public Resource submitted the Request and that CPSC had failed to notify Public Resource of its determination and the reasons therefor within the period prescribed by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii)(I).

11.    In a letter dated February 18, 2025, CPSC responded, stating that "[c]opies of the relevant ASTM standards are available to view for free at [a virtual reading room]" and that "no other records were located."

12.    On April 11, 2025, Public Resource, through its counsel, filed an appeal with the CPSC pursuant to 5 U.S.C. § 552(a) and 16 C.F.R. § 1015.1 et seq., based on (1) CPSC's "failure to disclose grounds for withholding" the agreements between CPSC and ASTM; (2) CPSC's "failure to deliver the records in the format requested"; and (3) CPSC's failure to "conduct an adequate search for responsive documents," or failure to explain the extent of the search.

13.    By letter dated May 9, 2025, CPSC granted the appeal with respect to agreements between CPSC and ASTM. CPSC directed the FOIA staff to "conduct a further search for responsive records."

14.    In the same May 9, 2025 letter, with respect to the standards, CPSC found that "the standards are copyrighted and therefore not 'readily reproducible' in the format . . .

requested." Moreover, CPSC noted that the standards' "copyrighted status, combined with their commercial and confidential nature, clearly brings them within the scope of Exemption 4's protections."

15.    On June 16, 2025, CPSC provided the results of its further search for responsive documents. It said that the search once again "failed to reveal any records regarding the subject of [the Request]."

16.    On August 14, 2025, Public Resource, through counsel, appealed "the adequacy of [CPSC's] search and the determination it does not possess any records regarding the subject of [the Request]." Public Resource stated that relevant documents should logically appear for three reasons:

17.    The appeal decision itself stated that "CPSC is a licensee of the ASTM standards allowing CPSC access to the standards under the terms of the license." Accordingly, Public Resource was simply seeking "a copy of the license (i.e., agreement) to which CPSC ha[d] referred" or "documentation of the terms that govern CPSC's use of the ASTM standards."

18.    CPSC had acknowledged the existence of an agreement between CPSC and ASTM in a 2020 letter to the President of ASTM regarding one of the requested standards. In the letter, CPSC stated, "*Under the procedures for read-only access recently agreed to by ASTM, CPSC requests that a read-only version of ASTM F2050-19 . . . be made available to the public in the ASTM Reading Room . . . as of January 1, 2021.*" This was "difficult to reconcile with CPSC's recent claim that no such agreements exist."

19.    CPSC had relied on FOIA exemption (b)(4) in refusing to provide the standards, claiming that they were "confidential." In the appeal decision, CPSC stated that "information qualifies as 'confidential' under Exemption 4 when it is both customarily kept private by the

4

submitter and provided to the government under an assurance of privacy." Accordingly, Public Resource was seeking "whatever documentation establishes the 'assurance of privacy' on which CPSC relie[d]."

20.    On September 12, 2025, CPSC denied the appeal, concluding that the search that had been conducted was "adequate and reasonable." Additionally, it noted that a general license agreement between CPSC and ASTM was "outside the plain terms of the request."

21.    On October 1, 2025, Public Resource, through counsel, filed a second FOIA request ("Second Request") seeking "[a]ny general licensing agreements between CPSC and ASTM." The same day, CPSC sent a letter acknowledging the request.

22.    To this day, CPSC has failed to make a determination on the request, and it has not provided records responsive to the Second Request. Public Resource has constructively exhausted its administrative remedies for this request because CPSC has not complied with the applicable time limits. *Kenney v. U.S. D.O.J.*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010); 5 U.S.C. § 552(a)(6)(C)(i).

**Count I: Violation of the FOIA, 5 U.S.C. § 552, for**

**Wrongful Withholding of Agency Records**

23.    Public Resource restates and incorporates by reference the allegations in paragraphs 1 through 22 above as fully set forth therein.

24.    On information and belief, CPSC possesses records responsive to the Request and subject to disclosure. 5 U.S.C. §552(a)(3).

25.    CPSC has wrongfully withheld the records responsive to the Request from Public Resource without a legal basis, because Exemption 4 does not apply to the requested records.

CPSC has also wrongfully withheld the records responsive to the Second Request by failing to comply with the statutory time limit for rendering a determination or response to Public Resource's request.

26.     Public Resource is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests this court to:

1.  order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and to immediately disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under the FOIA;

2.  award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and

3.  grant such other and further relief as the Court deems just and proper.

March 13, 2026

                                        Respectfully submitted,

                                        */s/ Mitchell L. Stoltz*
                                        Mitchell L. Stoltz
                                        (USDC District of Columbia Bar ID 978149)

                                        David L. Sobel (DC Bar No. 360418)
                                        Corynne McSherry (Admitted in California)
                                        Electronic Frontier Foundation
                                        815 Eddy Street
                                        San Francisco, CA 94109
                                        (415) 436-9333
                                        mitch@eff.org
                                        sobel@eff.org
                                        corynne@eff.org

                                        Christopher T. Bavitz (Admitted in New York and Massachusetts)

Cyberlaw Clinic
1585 Massachusetts Avenue
Cambridge, MA 02138
(617) 384-9125
cbavitz@law.harvard.edu