UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC.RESOURCE.ORG INC.

Plaintiff,

v.

THE UNITED STATES CONSUMER
PRODUCT SAFETY COMMISSION

Defendant.

Civil Action No. 26-0874 (TSC)

**ANSWER**

In this action under the Freedom of Information Act ("FOIA"), the U.S. Consumer Product Safety Commission ("CPSC" or "Defendant"), by and through undersigned counsel, responds as follows to the allegations in the Complaint filed by Public.Resource.Org Inc ("Plaintiff"). In response, Defendant states the following:

1.      Admit.

2.      Admit.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3.

4.      Defendant admits that CPSC is a federal agency of the United States.

5.      Defendant admits that on or about December 12, 2024, cbavitz@law.harvard.edu submitted a FOIA request on behalf of Public.Resource.Org ("Plaintiff") seeking certain information (the "FOIA Request"). The FOIA Request speaks for itself and offers the best evidence of its contents.

6.      The allegations in this paragraph describe Plaintiff's FOIA Request, which speaks for itself and offers the best evidence of its contents.

1

7.      The allegations in this paragraph describe Plaintiff's FOIA Request, which speaks for itself and offers the best evidence of its contents.

8.      Defendant admits that on or about December 17, 2024, it sent Plaintiff an email requesting a search timeframe for the FOIA Request, and avers that the email is the best evidence of its contents. Defendant respectfully refers the Court to Defendant's December 17, 2024 email for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

9.      Defendant admits that on or about December 19, 2024, Plaintiff sent Defendant a letter responding to the December 17, 2024 email, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the December 19, 2024 letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

10.     Defendant admits that, on February 18, 2025, Plaintiff sent Defendant a letter, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the February 18, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

11.     Defendant admits that, on February 18, 2025, it sent Plaintiff a letter responding to the FOIA Request, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the February 18, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

12.     Defendant admits that, on April 11, 2025, Plaintiff sent Defendant a letter appealing the FOIA Request, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the April 11, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

13. Defendant admits that, on May 9, 2025, it sent Plaintiff a letter addressing the administrative appeal, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the May 9, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

14. Defendant admits that, on May 9, 2025, it sent Plaintiff a letter addressing its appeal, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the May 9, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

15. Defendant admits that, on June 16, 2025, it sent Plaintiff a letter responding to the FOIA Request, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the June 16, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

16. Paragraph 16 of the Complaint is an incomplete allegation; accordingly no response is required.

17. Defendant admits that, on August 14, 2025, Plaintiff sent Defendant a letter appealing the FOIA Request, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the August 14, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

18. Defendant admits that, on August 14, 2025, Plaintiff sent Defendant a letter appealing the FOIA Request, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the August 14, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

19.     Defendant admits that, on August 14, 2025, Plaintiff sent Defendant a letter appealing the FOIA Request, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the August 14, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

20.     Defendant admits that, on September 12, 2025, Defendant sent Plaintiff a letter addressing the appeal, and avers that the letter is the best evidence of its contents. Defendant respectfully refers the Court to the September 12, 2025, letter for a complete and accurate statement of its contents and denies all allegations inconsistent therewith.

21.     Defendant admits that, on October 1, 2025, Plaintiff submitted a request under the FOIA seeking certain additional information (the "Second FOIA Request"). The Second FOIA Request speaks for itself and offers the best evidence of its contents.

22.     Defendant admits that it did not provide a determination within the statutory time period for the Second Request due to last year's forty-three-day government shutdown. Defendant further states that it has since made a determination on the Second FOIA Request. Defendant therefore denies that responsive records are currently being wrongfully withheld. The remaining allegations constitute legal conclusions to which no response is required.

23.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant refers to this Answer in response to the Complaint.

24.     Defendant admits that it possesses or possessed records responsive to the FOIA Request, but denies that any additional responsive records remain subject to disclosure. Defendant denies any remaining allegations to the extent they suggest additional records are improperly withheld.

25.    Defendant denies that it wrongfully withheld records responsive to the FOIA Request or lacked a legal basis for withholding records pursuant to Exemption 4. Defendant admits that it did not provide a determination within the statutory time period for the Second Request, but states that it has since made a determination on the Second FOIA Request. Defendant denies that it is currently wrongfully withholding records responsive to the Second Request or that Plaintiff is entitled to further relief. To the extent the paragraph constitutes legal conclusions, no response is required.

26.    This paragraph sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or any relief at all.

## **PRAYER FOR RELIEF**

This section sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted because Defendant has not improperly withheld agency records within the meaning of the FOIA.

2.      Plaintiff failed to exhaust administrative remedies available under the FOIA prior to commencing this action and therefore judicial review is premature.

3.      To the extent Plaintiff challenges agency actions that are interim, non-final, or otherwise not adverse, such claims are not subject to judicial review under the FOIA.

4.      Plaintiff's claim for relief concerning the Second FOIA Request is moot because Defendant has since made a determination on the Second FOIA Request.

5.      Defendant properly withheld certain responsive records pursuant to FOIA Exemptions 3 and 4, 5 U.S.C. § 552(b)(3) and (4), and any other applicable exemptions that may be identified during further proceedings.

6.      Plaintiff is not entitled to attorneys' fees or litigation costs under 5 U.S.C. § 552(a)(4)(E).

Dated:  June 15, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:         */s/ Kenneth Adebonojo*
      KENNETH ADEBONOJO
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202)252-2562

*Attorneys for the United States of America*