UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC.RESOURCE.ORG INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION<br><br>　　　　Defendant. | Civil Action No. 26-0874 (TSC) |

**JOINT STATUS REPORT**

Public.Resource.Org, Inc. ("Plaintiff") and the United States Consumer Product Safety Commission ("Defendant" or "CPSC") (collectively, "the parties"), by and through undersigned counsel, respectfully submit this Joint Status Report in response to the Court's Minute Order entered on June 18, 2026. *See* Min. Ord.  In response, the parties jointly state the following.

**Joint Statement:**

1.   Plaintiff filed this action seeking judicial review of Defendant's handling of a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") for information regarding standards developed by ASTM International ("ASTM") and incorporated into certain CPSC regulations. *See generally* ECF No. 1.  Defendant answered. *See* ECF No. 8.

2.   Subsequently, the Court directed the parties to file a Joint Status Report addressing "the anticipated number of documents responsive to Plaintiff's FOIA request, the anticipated date(s) for release of the documents requested by Plaintiff, whether a motion for an Open America stay is likely in this case, whether a Vaughn index will be required in this case, whether and when either party anticipates filing a dispositive motion, and any other pertinent issues."  Min. Ord.

**Defendant's Statement:**

3.   Status of Request: Regarding the ASTM standards, CPSC has withheld the requested electronically in text-searchable PDF versions under FOIA Exemption 4.  As explained in CPSC's May 9, 2025, response, ASTM standards are copyrighted and therefore not "readily reproducible" in the format requested (i.e., native format or searchable PDF). Because ASTM retains the exclusive rights to distribute its standards, they are available for purchase directly from ASTM. CPSC is a licensee of ASTM standards and accesses those standards pursuant to the terms of its license.  The copyright remains with ASTM and CPSC may not redistribute the standards in native or searchable PDF.  As previously communicated by FOIA staff, the requested standards are available free of charge through ASTM's public reading room, and a hyperlink to that site was provided. In addition, although not specifically referenced in the FOIA Decision Letter, the standards are also available for in-person inspection at the Commission's public reading room at CPSC headquarters.

4.   Regarding the General license agreements between CPSC and ASTM, CPSC has responded that it does not maintain records responsive to that portion of the request.  Specifically, CPSC advised that it has purchased a nonexclusive license to access ASTM's products and services. As explained in CPSC's September 12, 2025, response to Plaintiff's FOIA Appeal #25-A-00017, the license agreement governing that purchase is maintained by ASTM and is available for review on ASTM's website. CPSC does not maintain or store the license agreement, cannot modify its terms, and exercises no control over it. Accordingly, the license agreement is not an agency record. CPSC also noted that that ASTM makes its licensing agreement, privacy agreement, terms of use, and other policies available on its website.

5.   Anticipated number of responsive documents is approximately 430 pages.

6. Anticipated date(s) for release of the requested documents:  No production date can be provided at this time.

7. *Open America* motion: Responsive records have already been identified and no additional searching or processing should be required, however a *Vaughn* index would be required if the parties are unable to reach an agreement.

8. Dispositive motion practice will be premature at this time because this litigation could benefit from the parties meeting and conferring through the *Vaughn* process to see whether they are able to narrow any differences that arise.  Defendant is unable to file a dispositive motion in thirty days because of FOIA backlogs and agencies' numerous other litigation obligations.  Having not conferred with Agency Counsel on this specific point, in his experience, Government Counsel does not believe that a dispositive motion can be filed sooner than ninety days.

9. With regard to Plaintiff's Counsel's swipe below, *see* fn 6, as he had explained to Plaintiff's counsel earlier, Government Counsel was on leave from June 22, 2026, until July 7, 2026.  When he returned to work, in addition to innumerable emails and filing obligations, including substantive filings everyday since his return, he was greeted with an emergency assignment needing immediate triage.

**Plaintiff's Statement:**

9. Plaintiff's first request sought two categories of records: (a) copies of twenty ASTM standards that CPSC has given the force of law, and (b) agreements between CPSC and ASTM pertaining to those standards.[1] CPSC has completed its responses to both of Plaintiff's requests, and no records have been produced. Its positions on the two categories are as follows.

---

[1] Letter from Christopher T. Bavitz, Managing Dir., Cyberlaw Clinic, to Office of the Sec'y, U.S. Consumer Prod. Safety Comm'n (Dec. 12, 2024) (on file with counsel).

10.  As to the standards, CPSC has offered only read-only viewing in a virtual reading room. On administrative appeal, it sustained the withholding of copies, asserting that the standards are copyrighted and therefore not "readily reproducible" in the requested format, and that their "copyrighted status, combined with their commercial and confidential nature," brings them within FOIA Exemption 4.[2]

11.  As to the agreements, CPSC's position has shifted three times. First, CPSC twice asserted that no responsive records existed — including in a follow-up letter sent after an appeal decision ordering a further search — even though that same appeal decision described CPSC as "a licensee of the ASTM standards."[3] When Plaintiff appealed again, CPSC changed course: it denied the appeal in September 2025 on the ground that a general license agreement between CPSC and ASTM was "outside the plain terms of the request."[4] Plaintiff responded by submitting its second request, seeking precisely that agreement. CPSC issued no determination until after this lawsuit was filed. Then, on June 11, 2026, CPSC denied the second request in full on yet another ground: while now admitting that it "has purchased a nonexclusive license to access ASTM's products and services," CPSC asserts that the license agreement it purchased is not an "agency record."[5] In short, the agreement has been described in turn as nonexistent, as outside the scope of the request, and — now that its existence is admitted — as beyond FOIA's reach.

---

[2] Letter from Matthew A. Campbell, Gen. Counsel, U.S. Consumer Prod. Safety Comm'n, to Christopher T. Bavitz, Managing Dir., Cyberlaw Clinic (May 9, 2025) (on file with counsel) [hereinafter May 9 Appeal Decision].

[3] May 9 Appeal Decision, *supra* note 2; Letter from Abioye Mosheim Oyewole, Assistant Gen. Counsel, Office of the Gen. Counsel, Div. of Info. Access, U.S. Consumer Prod. Safety Comm'n, to Christopher T. Bavitz, Managing Dir., Cyberlaw Clinic (June 16, 2025) (on file with counsel).

[4] Letter from Matthew A. Campbell, Gen. Counsel, U.S. Consumer Prod. Safety Comm'n, to Christopher T. Bavitz, Managing Dir., Cyberlaw Clinic (Sept. 12, 2025) (on file with counsel).

[5] Letter from Ayshe Rhoades, Att'y, Office of the Gen. Counsel, U.S. Consumer Prod. Safety Comm'n, to Christopher T. Bavitz, Managing Dir., Cyberlaw Clinic (June 11, 2026) (on file with counsel).

12.  The Court's remaining questions can be answered briefly. The universe of responsive records is small and fully identified: the twenty standards enumerated in the first request and the license agreement or agreements CPSC has acknowledged, all of which are in CPSC's possession or control. A motion for an *Open America* stay would have no basis: CPSC has issued determinations on both requests, the dispute concerns the legal validity of CPSC's grounds for withholding rather than any processing backlog, and CPSC's Answer attributes its delay to last year's government shutdown, not to a deluge of requests. Answer ¶ 22. A *Vaughn* index will be required for any records CPSC continues to withhold, during the course of litigation, given the exemptions asserted in its Answer. Answer, Affirmative Defenses ¶ 5.[6]

13.  Because CPSC's responses are complete and its grounds for withholding are fully stated, this case presents purely legal questions — whether Exemption 4 permits withholding standards that carry the force of law, and whether the license CPSC purchased is an agency record — and is ripe for resolution on cross-motions for summary judgment. No further search-status reporting is needed. Plaintiff respectfully requests that the Court enter the accompanying proposed order setting a briefing schedule for any records CPSC continues to withhold.  There is no basis for further delay.

*          *          *

---

[6] Defendant suggests that "[d]ispositive motion practice will be premature at this time because this litigation could benefit from the parties meeting and conferring through the *Vaughn* process to see whether they are able to narrow any differences that arise."  Plaintiff does not place much reliance upon that suggestion, as undersigned counsel contacted opposing counsel on June 23 in response to the Court's meet and confer directive.  Counsel received no substantive response from opposing counsel until 2:24 pm this afternoon.

Defendant proposes the filing of another Joint Status Report not later than October 16, 2026. Plaintiff proposes that the Court establish a briefing schedule for defendant to move for summary judgment within 30 days; for plaintiff to respond and cross-move 30 days thereafter. Alternative proposed orders are submitted herewith.

Dated: July 17, 2026
Washington, DC


**/s/ David L. Sobel**
David L. Sobel (DC Bar No. 360418)
Corynne McSherry (Admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
sobel@eff.org
corynne@eff.org

Christopher T. Bavitz (Admitted in
New York and Massachusetts)
Cyberlaw Clinic
1585 Massachusetts Avenue
Cambridge, MA 02138
(617) 384-9125
cbavitz@law.harvard.edu

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: **/s/ Kenneth Adebonojo**
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2562

*Attorneys for the United States of America*